UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>   Plaintiff,<br>  v.<br><br>MOHAMMED ABDUL AZIZ QURAISHI,<br>   Defendant. | )<br>)<br>) Criminal No. 04-10345-NMG<br>)<br>)<br>)<br>) |

**UNITED STATES' MOTION
FOR A FINAL ORDER OF FORFEITURE**

  The United States of America, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, respectfully moves this Court for the issuance of a Final Order of Forfeiture in the above-captioned case, pursuant to Title 18, Untied States Code, Section 982, incorporating Title 21, United States Code, Section 853.  A proposed Final Order of Forfeiture is submitted herewith.  In support thereof, the United States sets forth the following:

  1. On November 18, 2004, a grand jury sitting in the District of Massachusetts returned a five-count Indictment charging Mohammed Abdul Aziz Quraishi ("Defendant") and others, with the following violations: Encouraging and Inducing Aliens to Come to, Enter and Reside in the United States in Violation of Law, in violation of 8 U.S.C. § 1324(a)(1)(A)(iv) (Count Two) and Witness Tampering, in violation of 18 U.S.C. § 1512(b)(3) (Count

Four)[1].

2.   The Indictment sought the forfeiture, as a result of committing one or more of the offenses alleged in Counts One, Two, and Three of the Indictment, of any conveyance, including any vessel, vehicle, or aircraft used in the commission of the offense; and any property real or personal that constituted, or was derived from or was traceable to the proceeds obtained directly or indirectly from the commission of the offense; or that was used to facilitate, or was intended to be used to facilitate the commission of the offense, pursuant to 18 U.S.C. § 982(a)(6).  Such property included, but was not limited to the following:

> The real property located at 80 Walnut Street, Unit 401, Canton, Massachusetts 02021, more specifically described in the deed recorded on September 25, 2000, in the Norfolk County registry of Deeds, book 14423, page 104 (the "Property").

3.   On January 20, 2006, Defendant pled guilty to Counts Two and Four of the Indictment, pursuant to a written plea agreement in which he agreed to forfeit to the United States any and all of his assets subject to forfeiture pursuant to 18 U.S.C. § 982(a)(6)(A) as a result of his guilty plea.  The assets to be forfeited specifically included, without limitation, the

---

[1] Defendant was not charged in the other counts of the Indictment.

Property.

    4.  On February 28, 2006, this Court issued a Preliminary Order of Forfeiture, forfeiting Defendant's interest in the Property.[2]

    5.  On March 22, 2006, March 29, 2006, and April 5, 2006, the United States published its Notice of Preliminary Order of Forfeiture in the <u>Boston Herald</u>, pursuant to 21 U.S.C. § 853(n)(1).

    6.  On April 18, 2006, Bank of America, N.A. filed a Petition pursuant to 21 U.S.C. § 853(n), claiming an interest in the Property.  In May 2006, the United States and Bank of America, N.A. entered into an Expedited Settlement Agreement, whereby the United States agreed that upon sale of the Property pursuant to entry of a Final Order of Forfeiture, it would not contest payment from the proceeds of the sale, after payment of outstanding taxes and expenses of custody and sale incurred by the Department of Homeland Security, of certain principle and interest amounts described in the Expedited Settlement Agreement to Bank of America, N.A.

    7.  No other claims of interest in the Property have been filed with the Court or served on the United States, and the time

---

[2] The Preliminary Order of Forfeiture also forfeited Defendant's interest in a second real property.  <u>See</u> Docket No. 79, ¶3.  On April 19, 2006, this Court issued an Order Partially Vacating Preliminary Order of Forfeiture, only with respect to the second real property.

within which to do so has expired.

WHEREFORE, the United States respectfully moves that this Court enter a Final Order of Forfeiture against the Property in the form submitted herewith.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney,

/s/ Kristina E. Barclay
KRISTINA E. BARCLAY
Assistant U.S. Attorney
United States Courthouse
Suite 9200
1 Courthouse Way
Boston, MA 02210
(617) 748-3100

Date: August 21, 2006

## CERTIFICATE OF SERVICE

I, Kristina E. Barclay, Assistant United States Attorney, do hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Kristina E. Barclay
Kristina E. Barclay
Assistant U.S. Attorney

Dated: August 21, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>       Plaintiff,<br>  v.<br><br>MOHAMMED ABDUL AZIZ QURAISHI,<br>       Defendant. | )<br>)<br>) Criminal No. 04-10345-NMG<br>)<br>)<br>)<br>) |

**FINAL ORDER OF FORFEITURE**

**GORTON, D.J.,**

    WHEREAS, on or about November 18, 2004, a grand jury sitting in the District of Massachusetts returned a five-count Indictment charging Mohammed Abdul Aziz Quraishi ("Defendant") and others, with the following violations: Encouraging and Inducing Aliens to Come to, Enter and Reside in the United States in Violation of Law, in violation of 8 U.S.C. § 1324(a)(1)(A)(iv) (Count Two) and Witness Tampering, in violation of 18 U.S.C. § 1512(b)(3) (Count Four);

    WHEREAS, the Indictment sought the forfeiture, as a result of committing one or more of the offenses alleged in Counts One, Two, and Three of the Indictment, of any conveyance, including any vessel, vehicle, or aircraft used in the commission of the offense; and any property real or personal that constituted, or was derived from or was traceable to the proceeds obtained directly or indirectly from the commission of the offense; or that was used to facilitate, or was intended to be used to facilitate the commission of the offense, pursuant to 18 U.S.C. § 982(a)(6), including without limitation:

>The real property located at 80 Walnut Street, Unit 401, Canton, Massachusetts 02021, more specifically described in the deed recorded on September 25, 2000, in the Norfolk County registry of Deeds, book 14423, page 104 (the "Property");

WHEREAS, on January 20, 2006, Defendant pled guilty to Counts Two and Four of the Indictment, pursuant to a written plea agreement in which he agreed to forfeit to the United States any and all of his assets subject to forfeiture pursuant to 18 U.S.C. § 982(a)(6)(A) as a result of his guilty plea;

WHEREAS, Defendant specifically agreed to forfeit the Property in the plea agreement;

WHEREAS, on February 28, 2006, this Court issued a Preliminary Order of Forfeiture, forfeiting Defendant's interest in the Property;

WHEREAS, on March 22, 2006, March 29, 2006, and April 5, 2006, the United States published its Notice of Preliminary Order of Forfeiture in the <u>Boston Herald</u>;

WHEREAS, on April 18, 2006, Bank of America, N.A. filed a Petition pursuant to 21 U.S.C. § 853(n) claiming an interest in the Property;

WHEREAS, in May 2006, the United States and Bank of America, N.A. entered into an Expedited Settlement Agreement, whereby the United States agreed that upon sale of the Property pursuant to entry of a Final Order of Forfeiture, it would not contest payment from the proceeds of the sale, after payment of

outstanding taxes and expenses of custody and sale incurred by the Department of Homeland Security, of certain principle and interest amounts described in the Expedited Settlement Agreement to Bank of America, N.A.; and

WHEREAS, no other claims of interest in the Property have been filed with the Court or served on the United States, and the time within which to do so has expired.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. The United States' Motion for a Final Order of Forfeiture is allowed.

2. The United States of America is now entitled to the forfeiture of all right, title or interest in the Property, and it is hereby forfeited to the United States of America pursuant to the provisions of 21 U.S.C. § 853, as incorporated by 18 U.S.C. § 982(b).

3. All other parties, having any right, title, or interest in the Property, are hereby held in default.

4. The United States Department of Homeland Security is hereby authorized to dispose of the Property in accordance with applicable law and the Expedited Settlement Agreement between the United States and Bank of America, N.A.

DONE AND ORDERED in Boston, Massachusetts, this \_\_\_\_\_ day of _____, 2006.

_____
NATHANIEL M. GORTON
United States District Judge