UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>MOHAMMED ABDUL RASHEED QURAISHI,<br>MOHAMMED ABDUL QAYIUM QURAISHI,<br>MOHAMMED ABDUL AZIZ QURAISHI | Cr. No. 04-10345-NMG |

**EMERGENCY MOTION TO COMPEL ENFORCEMENT
OF THIS COURT'S ORDER AND FOR CONTEMPT**

Notwithstanding that this Court entered an Order on December 28, 2007 temporarily releasing the Quraishi Brothers[1] from the custody of the Bureau of Prisons in order to visit their mother -- who is terminally ill and expected to die at any moment -- one last time and administer her last rites, the Bureau of Prisons refuses to comply with the Order and will not release the Brothers from its custody. As such, the Brothers respectfully move this Court, on an emergency basis, to issue an Order of contempt against the Bureau of Prisons ("BOP") and compel it to immediately comply with this Court's Order. (Docket No. 143).

By way of brief background, the Brothers state as follows: On December 28, 2007, the Brothers filed an Emergency Motion for Early Release Or, In the Alternative, For Temporary Release. (Docket No. 142). Through their Emergency Motion, the Brothers requested an early release (by approximately two and a half months), or in the alternative, temporary release, in order to visit their terminally ill mother during her final days in hospice and palliative care. (*See*

---

[1] Defendants Mohammed Abdul Aziz Quraishi ("Aziz") and Mohammed Abdul Qayium Quraishi ("Farees") (collectively "the Brothers") are serving their 10-month prison sentence (of which they have completed almost 8 months) in Big Spring, Texas.

Docket No. 142). The Brothers' mother has mere days to live, and her final wish is to see her sons one last time before she dies, and to have them perform her last rites, which is customary and traditional in the family's religion. (*Id.*, Exh. A).

In addition to the Brothers' request for early release, they requested temporary release under 18 U.S.C. § 1322, or "other relief as is just and equitable." (Docket No. 142).

On December 28, 2007, this Court granted the Brothers' request for temporary release from the custody of the BOP "for a period not to exceed four (4) days and provided that, upon temporary release from Bureau of Prisons custody, defendants shall, at their own expense, proceed forthwith to Massachusetts and return to the designated Bureau of Prisons facility within the allotted time of release." (Docket No. 143).

Even under these dire, time-sensitive circumstances, the BOP has not complied with this Court's Order. In fact, the BOP, through its Deputy Counsel, takes the position that the Order is not enforceable because only the BOP, and not this (or any) federal court, has the authority to temporarily release prisoners in its custody pursuant to 18 U.S.C. § 1322. Therefore, the BOP has indicated that it will not comply with this Court's Order.

The BOP's position lacks merit for two principal reasons. First, this Court *does* have the power to Order the BOP to release the Brothers temporarily pursuant to 18 U.S.C. § 1322. The statute provides that "[t]he Bureau of Prisons may release a prisoner from the place of his imprisonment for a limited period . . . . to . . . (a) visit a designated place for a period not to exceed thirty days, and then return to the same or another facility . . . ." The statute enumerates six separate reasons why an inmate may visit such a designated place, including "visiting a relative who is dying," "attending a funeral of a relative," and "obtaining medical treatment not otherwise available." Nowhere does the statute indicate that courts lack the power to direct the

2

BOP to release a prisoner temporarily. *See, e.g., United States v. Richards*, 105 F. Supp. 2d 256 (S.D.N.Y. 2000) (stating that "Section 3622(a)(3), which applies to sentenced prisoners, permits *a court* to release a prisoner for a period not to exceed thirty days . . . . [S]ection 3622 . . . shows that Congress expressly contemplated that courts would release inmates to obtain 'medical treatment not otherwise available.'") (emphasis added).

Further, in addition to requesting that the Court permit the Brothers' temporary release under 18 U.S.C. § 1322, the Brothers also requested this Court to grant relief that is "just and equitable," which this Court did. The Brothers fully complied with all conditions of pretrial release during the thirty (30) month period between their arrest and the date they voluntarily reported to FCI Big Spring. This compliance included, among other things, Farees' court-approved out-of-state travel to visit family in Illinois. As such, there is no reason to believe that the Brothers will fail to abide by the conditions of release imposed by this Court as a result of the Order.

WHEREFORE, Defendants Mohammed Abdul Aziz Quraishi and Mohammed Abdul Qayium Quraishi respectfully request that this Court compel the BOP to comply with its December 28, 2007 Order immediately, and find the BOP in contempt of Court.

Respectfully submitted,

| COUNSEL FOR AZIZ QURAISHI, | COUNSEL FOR FAREES QURAISHI, |
|---|---|
| /s/ Laura B. Angelini | /s/ Jill Brenner Meixel |
| Michael J. Connolly (BBO # 638811) | Peter E. Gelhaar (BBO #188310) |
| Laura B. Angelini (BBO #658647) | Jill Brenner Meixel (BBO #652501) |
| Hinckley, Allen & Snyder LLP | Donnelly, Conroy & Gelhaar, LLP |
| 28 State Street | One Beacon Street |
| Boston, MA 02109 | Boston, MA 02108 |
| (617) 345-9000 | (617) 720-2880 |

Dated: January 3, 2008

## LOCAL RULE 7.1 CERTIFICATION

I hereby certify that I attempted to confer in good faith with counsel for the government in an effort to narrow or resolve the issues raised in this Motion, but have not yet reached the government to determine its position with regard to this Motion.

       /s/ Jill Brenner Meixel
       Jill Brenner Meixel

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of January 2008, this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

       /s/ Jill Brenner Meixel
       Jill Brenner Meixel